**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| William Abraczinskas,<br><br>　　　Plaintiff,<br><br>v.<br><br>Judiciary of the Commonwealth of the<br>Northern Mariana Islands, et al.,<br><br>　　　Defendants. | Case No. 2:26-cv-00654-APG-NJK<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* and proposed complaint.[1]  Docket Nos. 1, 1-1.  Plaintiff filed an identical lawsuit in the U.S. District Court for the Northern Mariana Islands on the same day he filed the instant lawsuit.[2]

In both lawsuits, Plaintiff asserts claims against the Judiciary of the Commonwealth of the Northern Mariana Islands ("CNMI Judiciary"), as well as several CNMI Judiciary employees. *See* Docket No. 1-1 at 7-11.  Plaintiff attempts to assert federal claims arising under Title VII of the Civil Rights Act, the Fourth and Fourteenth Amendments of the U.S. Constitution, and 42 U.S.C. § 1983.  *See id.* at 12, 32-35.  Plaintiff also attempts to assert a claim for violation of NRS 613.010, as well as various tort claims under Nevada and Northern Mariana Islands law.  *See id.* at 12-13, 35-36.

Title VII contains a specific venue provision which supersedes the general venue provisions of 28 U.S.C. § 1391.  *Trammel v. Holder*, 2011 WL 3495982, at *2 (D. Nev. Aug. 10, 2011) (citing *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587–88 (9th Cir. 1991)).  Under Title VII, venue is proper "in any judicial district in the State in which the unlawful

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The Court takes judicial notice of the filings in the U.S. District Court for the Northern Mariana Islands. *See Abraczinskas v. Judiciary of the Commonwealth of the Northern Mariana Islands et al.*, No. 1:26-cv-00002 (D. N. Mar. I.); s*ee also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (courts may take judicial notice of the proceedings in other courts).

employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." *Trammel*, 2011 WL 3495982, at *2 (quoting 42 U.S.C. § 2000e–5(f)(3)). If those provisions fail to provide a forum, venue is also proper in the district where the defendant keeps its principal office. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e–5(f)(3)). "In general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked." *Passantino*, 212 F.3d at 504-505 (9th Cir. 2000).

Plaintiff submits that venue is proper in this District under Title VII's special venue provision because substantial components of the unlawful employment practice were committed through Nevada, relevant employment records and decision-making communications were maintained or administered in connection with Nevada, and because Plaintiff would have remained employed in Nevada but for Defendants' unlawful employment practice. *See* Docket No. 1-1 at 14. However, "[v]enue in this case is controlled by the Title VII employment discrimination claim because Title VII's more specific venue provision controls over the general venue statute applicable to all of Plaintiff's other claims." *Trammel*, 2011 WL 3495982, at *2; *see also Mayberry v. Int'l Bus. Machines Corp.*, 2009 WL 1814436, at *3 (N.D. Cal. June 25, 2009) ("In employment discrimination cases, the Title VII venue provisions control rather than the general federal venue statute, even if a non-Title VII claim is included"). Therefore, the alleged act that induced Plaintiff to relocate to the Northern Mariana Islands is not the alleged act of discrimination under Title VII. Rather, the alleged discriminatory action is the CNMI Judiciary's adverse treatment of Plaintiff based on his sex. *See id.* at 32 (stating that Plaintiff was treated adversely because he is a male employee who reported sexual harassment and sexual assault by a female coworker). Thus, the alleged unlawful employment practices were committed in the Northern Mariana Islands.

As to the remaining forums in which venue may be proper, all factors point towards the Northern Mariana Islands. The Northern Mariana Islands is where employment records relevant

to Plaintiff's Title VII claims are maintained and administered. Additionally, the Northern Mariana Islands is the place where Plaintiff was working at the time of the alleged unlawful discrimination, hostile work environment, and retaliation practices. *See* Docket No. 1-1 at 32-33 (stating Plaintiff's Title VII claims). Plaintiff was working as a law clerk within the CNMI Judiciary and alleges that he would have remained in that position absent the alleged unlawful practices. *See id.* at 17-26, 32-33 (attributing Plaintiff's termination to retaliatory conduct on the part of Defendants). Lastly, according to Plaintiff's complaint and its website, Defendant CNMI Judiciary keeps its principal office on the Northern Mariana Islands. *See id.* at 2 (providing address for CNMI Judiciary); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (courts may take judicial notice of information on government websites). The Northern Mariana Islands is where the relevant employment decisions were made, implemented, and in which their effects were felt; thus, it is the proper venue for this suit. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000)

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** as duplicative. The Court further **ORDERS** that Plaintiff's application to proceed *in forma pauperis*, Docket No. 1, be **DENIED** as moot.

IT IS SO ORDERED.

Dated: March 12, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).