**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| William Abraczinskas,<br><br>    Plaintiff,<br><br>v.<br><br>Judiciary of the Commonwealth of the<br>Northern Mariana Islands, et al.,<br><br>    Defendants. | Case No. 2:26-cv-00654-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 6] |

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 6. The Court does not require a response or a hearing. *See* Local Rule 78-1.

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request[1] an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Here, the Court is not persuaded that requesting an attorney for Plaintiff is warranted. There is a pending Report and Recommendation to dismiss the case as duplicative. Docket No. 5.

---

[1] To be clear, the Court does not "appoint" counsel in civil cases. The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants." *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

Plaintiff filed an objection to that Report and Recommendation. Docket No. 7. Further, Plaintiff has not demonstrated that exceptional circumstances exist to justify appointment of counsel. First, the matters in the case are not complex and Plaintiff has demonstrated an ability to articulate his claims. *See* Docket. Second, the Court cannot conclude that the record shows Plaintiff is likely to prevail on the merits because of the aforementioned Report and Recommendation.

Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel. Docket No. 6.

IT IS SO ORDERED.

Dated: March 30, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2